FLORENCE M. SWEET, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 101786. Promulgated July 3, 1941.

*Francis H. Russell, Esq.*, for the petitioner.
*David Haskin, Esq.*, for the respondent.

OPINION.

BLACK: In the taxable year 1935, as will be seen from our findings of fact, the Joseph L. Sweet trust had net income from dividends and other sources of $32,878.70, nontaxable income of $2,190.96, and capital gains of $37,912.06. In that year the trustee paid to petitioner, the life beneficiary of the trust, $66,064.93, which amount was made up, according to the books and records of the trust, of dividends and other income of $32,878.70, nontaxable income of $2,190.96, and payment from "principal" $30,995.27.

In her income tax return for 1935 the petitioner included in income $32,678.70 received from the trustee but did not include the payment to her from "principal" in the amount of $30,995.27, and interest from H. O. L. C. bonds in the amount of $200. Petitioner now concedes that the $200 interest from the H. O. L. C. bonds is taxable to her, but contests the respondent's action in adding to income the amount of $30,995.27 paid to her from "principal." The only question before us, therefore, is whether the respondent erred in adding to petitioner's income the amount of $30,995.27 in question.

The petitioner contends that the amount of $30,995.27 represents income for the years 1932 and 1933, to which she was entitled in those years but did not receive until 1935, that it was principal when received, and, therefore, is not taxable to her in 1935.

The respondent contends that the amount in question was capital gain of the trust in 1935 and is taxable to petitioner as income for that year since it was actually distributed to her. He further contends that the petitioner is estopped to claim that the amount in question should have been taxed to her as income in 1932 and 1933.

878

The provisions of section 162 of the Revenue Acts of 1932 and 1934 are identical and section 162 of the Revenue Act of 1934 is printed in the margin.[1]

If we assume that the Joseph L. Sweet testamentary trust, of which petitioner was the income beneficiary for life, was one in which the income was currently distributable to her, as respondent has determined in his deficiency notice, it is clear that petitioner has returned all of such income for taxation on her 1935 income tax return except the $200 H. O. L. C. bond interest which she now concedes is taxable to her.

It is true the trust had gains and profits of $37,912.06 from the sale of stocks and bonds in 1935 which petitioner did not return for taxation, but under the laws of the State of Massachusetts capital gains from a trust estate belong to the remainderman and are not distributable to the life benficiary unless there is provision in the trust instrument to the contrary. *William* v. *Milton*, 102 N. E. 355; *McElwain* v. *Allen*, 241 Mass. 112; 134 N. E. 620; *Hemenway* v. *Hemenway*, 181 Mass. 406; 63 N. E. 919; *Chase* v. *Union National Bank of Lowell*, 275 Mass. 503; 176 N. E. 508; and see *Long* v. *Rike*, 50 Fed. (2d) 124.

It seems clear that there was no provision in decedent's will in the instant case which authorized the distribution of capital gains of the trust to petitioner. We do not understand respondent to so contend in his brief, though he does contend that the $30,995.27 in question was actually distributed from capital gains. It seems perfectly clear from

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

the facts of record in the instant case that the trustee did not intend to distribute to petitioner the capital gains of the trust for the year 1935 or of any other year, nor did he do so.

The facts seem to us to show clearly that in 1935 the trustee concluded that there was ordinary income of the estate or trust for the years 1932 and 1933 which had not been distributed to petitioner as she might have requested be done. The facts also show that petitioner was anxious to have this income paid over to her in order that she might construct a war memorial bridge for the city of Attleboro, Massachusetts. She made known her wishes to the trustee and the trustee asked advice of his counsel as to whether he had the legal authority to make such a distribution at such late date and counsel gave an affirmative answer.

It is not our function to say whether that answer was correct or not. That is a function for the Massachusetts courts. We have only to decide the tax consequences of such a distribution and, inasmuch as it seems entirely clear that the $30,995.27 in question was not paid from the 1935 ordinary income or from the capital gain of the trust, but from income of the estate or trust in prior years, it is not taxable to petitioner in 1935. And that is true, whether the trust is held to be one where the income is currently distributable to the beneficiary as respondent has determined in his deficiency notice or whether it be held to be one where the income is only distributable within the discretion of the trustee, as petitioner contends and respondent seems to have determined in prior years.

In *Anna M. Chambers*, 17 B. T. A. 820, the Board, among other things, said:

\* \* \* during the taxable years there was distributed to the petitioners not only their distributable share of the income of each of those years, but payments from distributable income of prior years. This seems to us to be of no importance. The law provides that the beneficiary shall include as his income his distributable share of the income, whether or not distributed. Amounts which properly became distributable in prior years were taxable in those years, not in the years of distribution and distribution in the years before us can serve neither to increase the taxable income of those years nor to affect the construction of the will.

If the trust is held to be one where the income is currently distributable to the beneficiary, then all of 1932 and 1933 income was taxable to petitioner in those years, as was held in the *Chambers* case above cited. If the trust is held to be one where the income is distributable to petitioner only in the discretion of the trustee, then petitioner was taxable only in 1932 and 1933 with the income which was properly paid or credited to her in those years and the balance

of the income was taxable to the fiduciary. In all events, all of the income of an estate or trust in any one year is taxable either to the fiduciary or the beneficiary in such year, to one or the other, or both, depending upon what kind of a trust it is. See sec. 162, *supra; Freuler* v. *Helvering*, 291 U. S. 35.

Whether petitioner owed the increases in taxes for 1932 and 1933 which in 1939 she tendered and paid to the Commissioner, we pass no opinion. Those years are not before us. What we do hold is that, when parts of 1932 and 1933 income of the trust were distributed to petitioner in 1935, such amounts had already become principal of the trust and were not taxable to petitioner in 1935.

The facts in the instant case are distinguishable from those present in *Arthur Letts, Jr.*, 30 B. T. A. 800; affd., 84 Fed. (2d) 760. In the *Letts* case, the income in question, representing gains and profits from the liquidation of the shares of stock of a corporation, was actually distributed by the trustee as income to the beneficiaries and the court of California having appropriate jurisdiction of the subject matter approved the distribution *as income*. Under these circumstances we held that we had no cause to treat the distribution as anything else but income and we, therefore, approved the Commissioner's determination.

In the instant case, the trustee did not distribute the $30,995.27 in question as income, but on the contrary he distinctly noted it as a distribution of principal to the beneficiary and in his report to the Massachusetts Probate Court he reported the amount as a distribution of principal. Under these circumstances we think we must hold that it was a distribution of principal and not of income. Cf. *Anna M. Chambers*, 29 B. T. A. 971; 33 B. T. A. 1125.

Respondent strongly argues that petitioner is estopped from claiming that the $30,995.27 in question was not taxable income to her in the year 1935 when she received it from the trust. We fail to see where respondent has established that petitioner is estopped from making the contention which she is making.

Whether the testamentary trust set up by the will of decedent's husband is one where the income is currently distributable to petitioner or whether it is one where the income is distributable within the discretion of the trustee, is a question of law. The respondent had full opportunity to read the terms of the will and make his own construction of its terms. There is no evidence that petitioner has deceived him. Petitioner has contended all along, both in her protest from which a quotation is taken in our findings of fact and in her brief filed in this proceeding, that the trust is one where the income is distributable to petitioner within the discretion of the trustee and she

is taxable only on the income which is actually distributed to her. We fail to see where these facts show any estoppel against petitioner. *Estate of William Steele*, 34 B. T. A. 173.

The evidence does show that the trust itself, in filing its fiduciary returns for 1933 and 1935 on Form 1041, made certain incorrect statements about the residue of the income in those years having been paid to the Attleboro Hospital, a charitable corporation for the State of Massachusetts, and the trust filed no income tax return on Form 1040 for those two years and paid no tax. It might well be that, if we had the trust before us as a taxpayer, these statements in regard to income being paid to the Attleboro Hospital in those years, when in fact none was paid, would work an estoppel against it and affect its tax liability adversely. We pass no opinion on that question because we do not have the trust before us as a taxpayer and there is nothing to show that petitioner had any connection whatever with such untrue statements.

Respondent's plea of estoppel is not sustained by the evidence and we hold against it.

*Decision will be entered under Rule 50.*